## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FREDDIE DODARD,** | **Civil Action No. 17-7982 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

**WIGENTON**, District Judge:

Presently before the Court is the amended motion of Freddie Dodard ("Petitioner") to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 1, 3). Following this Court's Order to Answer (ECF No. 4), the Government filed a response to the motion (ECF No. 15), to which Petitioner has replied. (ECF No. 16). For the reasons set forth in this Opinion, this Court will deny Petitioner's motion and deny him a certificate of appealability.

## I. BACKGROUND

In affirming Petitioner's sentence, the Third Circuit provided the following summary of the background of this matter:

> In two separate instances, in December 2012 and February 2013, [Petitioner] sold a combined total of 61.3 grams of crack cocaine to a cooperating witness. A grand jury issued a two-count indictment against [Petitioner] for (1) possession with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii); and (2) possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On November 18, 2014, [Petitioner] entered into an agreement with the government whereby he pleaded guilty to Count Two of the indictment.

In anticipation of sentencing, the United States Probation Office prepared a presentence report. That report recommended that [Petitioner], by virtue of his prior convictions, qualified as a career offender under U.S.S.G. § 4B1.1, resulting in his being within criminal history category VI. That status, taken together with the offense conduct and a deduction for acceptance of responsibility, yielded an advisory guidelines range of 151 to 188 months. [Petitioner] did not . . . challenge the guidelines calculation.

Prior to the sentencing hearing, both [Petitioner] and the government submitted sentencing memoranda to the District Court. At that hearing, [Petitioner] sought leniency from the Court on several grounds, placing significant emphasis on [Petitioner's] history of mental health issues. He also questioned the seriousness of the offenses on his record, as well as the current offense, nearly all of which consist[ed] of non-violent drug offenses. He then read from an article by a former judge discussing the disproportionate and often discriminatory nature of drug sentences. Finally, [Petitioner] took on the career offender guidelines more directly, first by suggesting that he was "really on the very border" of qualifying[1] [as a career offender], but also by directing the Court to a report by the United States Sentencing Commission that called into question the efficacy of the career offender provision in protecting the public, at least with respect to drug traffickers. [Petitioner] also spoke on his own behalf, expressing contrition and explaining the personal circumstances that led him to commit the crime.

The government, for its part, endorsed a within-guidelines sentence. It disputed the notion that [Petitioner's] mental illness should factor into sentencing and asserted that [Petitioner's] bipolar disorder was well-managed when [Petitioner] took his medication and only adversely affected him when he opted not to. It also reiterated [Petitioner's] long criminal record and frequent recidivism, principally for drug distribution, noting that the offense conduct underlying the instant sentencing occurred while [Petitioner] was still on supervised release following a 75 month incarceration.

The Court, in explaining the sentence, addressed all of the issues raised by [Petitioner] and the government, and noted several times that its decision was made after considering the sentencing memoranda, the arguments made during the hearing, and the statement of [Petitioner] himself. It acknowledged that the notion

---

[1] As the Third Circuit noted in its opinion, Petitioner conceded that "technically he is a career offender" under the Guidelines. 663 F. App'x at 201 n. 1.

that [Petitioner] was not in control of his decision to deal drugs was not credible in light of his other actions. Finally, it expounded on its concerns about [Petitioner]'s history and his recidivism, the need to protect the community from his behavior, the deterrent function of the sentence, and the need for rehabilitation.

Ultimately, after reiterating the calculated offense level and criminal history were correct, the Court sentenced [Petitioner] to 151 months' imprisonment, the bottom of his guidelines range, followed by a three-year term of supervised release. Immediately following the imposition of sentence, [Petitioner] objected for the record that the Court did not address the disproportionate effect of the career offender guidelines for non-violent offenders. The Court disagreed, saying that the career offender enhancement was appropriately applied to [Petitioner] for the reasons discussed earlier.

*United States v. Dodard*, 663 F. App'x 199, 200-201 (3d Cir. 2016).

Petitioner appealed to the Third Circuit, arguing that his sentence was procedurally and substantively unreasonable. *Id.* at 201-203. In his procedural argument, Petitioner asserted that this Court failed to consider and address his argument that the career offender guideline was flawed as applied to drug offenders, and should not be applied to him. *Id.* at 202. The Third Circuit rejected that argument, however, finding that this Court had appropriately classified Petitioner as a career offender, had considered his policy argument, and had reasonably rejected that argument having considered Petitioner's criminal history and requests for leniency. *Id.* The Third Circuit also rejected Petitioner's argument that his sentence was substantively unreasonable as "[t]here was ample justification for the sentence [Petitioner] received . . . [i]n light of his significant recidivism, and especially the fact that his most recent crime occurred while on supervised release," and affirmed Petitioner's sentence in full. *Id.* at 202-03.

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).


### B. An evidentiary hearing is not required in this matter

28 U.S.C. § 2255(b) requires an evidentiary hearing for all motions brought pursuant to the statute "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is

required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. For the reasons set forth below, Petitioner's claims are clearly without merit and no hearing is warranted in this matter.

## C. Petitioner's Ineffective Assistance of Counsel Claims

In his first series of claims, Petitioner asserts that his plea and sentencing counsel was constitutionally ineffective. The standard which applies to such claims is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687*; see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.

> In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

> Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate

that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge*, 119 F. Supp. 3d at 280-81.

Petitioner first asserts that his plea counsel was ineffective insomuch as he failed to obtain for Petitioner a better plea deal than the one to which Petitioner agreed. Specifically, Petitioner decries counsel's failure to obtain a plea deal which would have been binding upon the Court pursuant to Federal Rule of Criminal Procedure 11(c). Petitioner provides no evidence, however, that any such deal was offered, and has not shown that the Government had any intention of offering him a Rule 11(c) plea. The "failure to obtain a [better] plea bargain is not evidence of ineffective assistance of counsel when the record does not contain evidence that one might have been offered." *Eisemann v. Herbert*, 401 F.3d 102, 109 (2d Cir. 2005); *see also Burger v. Kemp*, 483 U.S. 776, 785-86 (1987) (where there is no evidence that a prosecutor "would have been receptive to a plea bargain," no *Strickland* prejudice results from the failure to secure that bargain). As Petitioner has failed to show that he was offered a binding plea agreement under Rule 11(c), or any agreement other than the one he signed, and as he has not shown that the Government had any

interest in offering a "better" or binding plea, he cannot show that he was prejudiced by counsel's failure to obtain such a "better" plea agreement. Counsel cannot be ineffective for failing to obtain a plea agreement which was unavailable or that the Government was unwilling to extend.

Petitioner next contends that counsel proved ineffective in failing to challenge the imposition of the career offender provision of the United States Sentencing Guidelines to Petitioner's satisfaction. Petitioner specifically asserts that counsel failed to investigate and challenge the portions of the pre-sentence investigation report recommending such an enhancement, that counsel failed to challenge the imposition of the career offender enhancement because it was not charged in Petitioner's indictment, and that counsel failed to present an adequate defense for Petitioner at sentencing. To the extent that Petitioner argues that counsel failed to properly investigate his case and defenses or the information contained in the presentence investigation report, Petitioner has made no allegations as to what information counsel should have discovered, nor what defenses would have presented themselves, nor what information in the report he believes to have been faulty. As this Court has explained,

> [i]n *Strickland*, the Supreme Court held that trial counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." 466 U.S. at 691. "The failure to investigate a critical source of potentially exculpatory evidence may present a case of constitutionally defective representation," and "the failure to conduct any pretrial investigation generally constitutes a clear instance of ineffectiveness." *United States v. Travillion*, 759 F.3d 281, 293 n. 23 (3d Cir. 2014) (internal quotations omitted); *see also United States v Gray*, 878 F.2d 702, 711 (3d Cir. 1989) (noting that a complete absence of investigation usually amounts to ineffective assistance because a counsel cannot be said to have made an informed, strategic decision not to investigate); *United States v. Baynes*, 622 F.2d 66, 69 (3d Cir. 1980).

Where a Petitioner can show that counsel's failure to investigate amounts to deficient performance, he must still show prejudice. In order to do so,

> a defendant basing an inadequate assistance claim on his or her counsel's failure to investigate must make "a comprehensive showing as to what the investigation would have produced. The focus of the inquiry must be on what information would have been obtained from such an investigation and whether such information, assuming admissibility in court, would have produced a different result.

> *United States v. Askew*, 88 F.3d 1065, 1073 (D.C. Cir. 1996) (quoting *Sullivan v. Fairman*, 819 F.2d 1382, 1392 (7th Cir. 1987)); *see also United States v. Lathrop*, 634 F.3d 931, 939 (7th Cir. 2011) ("[w]hen a petitioner alleges that counsel's failure to investigate resulted in ineffective assistance, the petitioner has the burden of providing the court with specific information as to what the investigation would have produced"); *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome" of Petitioner's case); *accord Untied States v. Garvin*, 270 F. App'x 141, 144 (3d Cir. 2008).

*Brown v. United States*, No. 13-2552, 2016 WL 1732377, at *4-5 (D.N.J. May 2, 2016). Because Petitioner has failed to allege, let alone make a comprehensive showing as to what information counsel should have discovered, because Petitioner has failed to identify any information in the presentence investigation report which was actually incorrect, and because Petitioner has failed to identify any defenses that would have presented themselves had counsel more thoroughly investigated, Petitioner has failed to allege, let alone show, *Strickland* prejudice, and his investigation based ineffective assistance claims must fail. *Id.*; *see also Cross*, 308 F.3d at 315.

Turning to counsel's performance at sentencing, it is clear that Petitioner's allegations regarding counsel's "failure" to challenge the career offender guideline and "failure" to adequately defend him are utterly without merit. As this Court explained at sentencing and as the Third Circuit

noted on direct appeal, Petitioner's sentencing counsel provided a thorough sentencing memorandum and presented considerable argument on Petitioner's behalf. Although counsel did not specifically argue that the career offender guideline was not applicable to Petitioner, counsel's failure to so argue has an obvious explanation. Counsel could not so argue because Petitioner clearly met the definition of a career offender based on his numerous drug offenses. *See* U.S.S.G. § 4B1.1 (offender subject to career offender guidelines enhancement where he was over 18 at time of the current offense, the current offense is a crime of violence or a controlled substance offense, and Petitioner has at least two prior felony convictions for crimes of violence or controlled substance offenses). Because Petitioner's current offense was clearly a controlled substance offense, and as Petitioner had at least two prior felony convictions for controlled substance offenses, any argument that the career offender guideline did not apply would have been without merit, and counsel therefore cannot have been ineffective for failing to raise such an argument. *See Wets v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000) (counsel cannot be deemed ineffective for failing to raise a meritless claim"); *see also United States v. Aldea*, 450 F. App'x 151, 152 (3d Cir. 2011).

More to the point, what counsel did offer in the place of that meritless argument was a well-reasoned policy argument regarding the severity of drug related sentences under the enhancement which he argued the Court should apply to vary from the Guidelines and provide Petitioner with a sentence lower than that recommended by probation. Although this Court ultimately rejected that argument as Petitioner's criminal history and recidivism clearly warranted application of the career offender enhancement, *see Doddard*, 663 F. App'x at 201-03, counsel's considerable, reasonable arguments at sentencing clearly refute Petitioner's allegation that counsel failed to challenge or otherwise defend him from the career offender enhancement and the Court's

decision to render a sentence greater than that Petitioner expected based on his plea agreement. Counsel provided Petitioner with more than adequate representation at sentencing, and Petitioner has utterly failed to identify any failing on counsel's part in defending him during his sentencing procedure.

Petitioner also appears to assert that counsel should have challenged the use of the guidelines as part of Petitioner's sentence because Petitioner believes that the guidelines have been invalidated, and that counsel should have objected to the career offender guideline because it was not charged in the indictment nor admitted by him during his guilty plea. As to Petitioner's first assertion, Petitioner is clearly mistaken – although the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), rendered the guidelines advisory rather than mandatory, this Court is still required to calculate and consider the appropriate guidelines range in sentencing offenders, and any objection by counsel to the effect that the guidelines did not apply at all would have been utterly without merit. *See, e.g., United States v. Ausburn*, 502 F.3d 313, 327-38 (3d Cir. 2007); *United States v. Charles*, 467 F.3d 828, 830-31 (3d Cir. 2006) (sentencing courts "must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*" as the guidelines "continue[] to have advisory force"), *cert. denied*, 549 U.S. 1273 (2007). Petitioner's assertion that the career offender enhancement had to be charged in Petitioner's indictment is similarly without merit. *See, e.g., United States v. Adams*, 151 F. App'x 147, 150, 150 n. 2 (3d Cir. 2005) (under *Booker*, only facts "other than a prior conviction" which increase a sentence beyond the statutory maximum need be submitted to the jury or admitted by the defendant, and "the fact of a prior conviction" such as those required to support a career offender enhancement "need not be charged in an indictment even" after *Booker*.) As the facts which led to the career offender enhancement need not have been charged in Petitioner's indictment, the objection he

wishes counsel had made is without merit, and counsel was not ineffective in failing to raise these meritless arguments to the Court's attention.  *Wets*, 228 F.3d at 203; *Aldea*, 450 F. App'x at 152.

Petitioner next argues that counsel's alleged errors, even if not sufficient individually to warrant relief, may amount to a constitutional error if reviewed cumulatively.  Although "errors that individually do not warrant habeas relief may do so when combined," claims of cumulative error will only warrant relief where the Petitioner can show that he was actually prejudiced by the alleged cumulative failings.  *Albrecht v. Horn*, 485 F.3d 103, 139 (3d Cir. 2007); *see also Fahy v. Horn*, 516 F.3d 169, 205 (3d Cir. 2008).  Where the claims the petitioner is presenting cumulatively are ineffective assistance claims, this essentially requires the Petitioner to prove that he suffered *Strickland* prejudice from counsel's actions when they are considered in total.  *Albrecht*, 485 F.3d at 139; *Judge*, 119 F. Supp. 3d at 292-93.  Even considered cumulatively, Petitioner's allegations fail to establish that he suffered *Strickland* prejudice.  For the reasons discussed throughout this opinion, Petitioner has utterly failed to show that he suffered *Strickland* prejudice as to any of his claims.  Because all of Petitioner's claims are without merit, Petitioner has failed to show that he has suffered prejudice as a result of counsel's cumulative alleged errors, and his cumulative error claim fails to provide a basis for relief.

### D.  Petitioner's sentencing claim

In his final claim, Petitioner challenges his sentence by claiming that he was placed in double jeopardy when he received both a term of imprisonment and a term of supervised release for a single conviction.  As Petitioner could have, but did not, raise this claim on direct appeal, it is procedurally defaulted.  *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *see also United States v. DeRewal*, 10 F.3d 100, 105 n. 4

(3d Cir. 1993); *Parkin v. United States*, 565 F. App'x 149, 151-52 (3d Cir. 2014). Petitioner can therefore not raise his claim in a § 2255 motion unless he can show cause for the default and actual prejudice or that he is actually innocent of the offense in question. *Massaro*, 538 U.S. at 504; *Frady*, 456 U.S. at 167-68; *Parkin*, 565 F. App'x at 151. Petitioner has not even attempted to show cause, actual prejudice, or actual innocence, and this Court must reject his defaulted sentencing claim for that reason alone.

Even had Petitioner shown cause and actual prejudice, however, his double jeopardy claim must still fail as it is utterly without merit. Contrary to Petitioner's assertion, a term of supervised release is not a second sentence for a single offense, but is instead a part of a Petitioner's single sentence which includes both any custodial prison term and any post-release supervised release term. *See Pryer v. United States*, 679 F. Supp. 2d 529, 538 (D. Del. 2010); *Adams v. United States*, No. , 2007 WL 1544208, at *9 (D.N.J. May 29, 2007); *see also* 18 U.S.C. § 3583. Indeed, as § 3583 makes clear, a sentencing court "in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). The statute under which Petitioner was sentenced makes the imposition of such a term of supervised release mandatory – 21 U.S.C. § 841(b)(1)(C) specifically states that "any sentence imposing a term of imprisonment under this paragraph shall . . . impose a term of supervised release of at least three years in addition to [any] term of imprisonment." Thus, not only was Petitioner generally subject to a term of supervised release under the Court's discretionary sentencing authority, but his statute of conviction made such an imposition mandatory as a part of any sentence imposed. Thus, Petitioner's sentence by law had to include both his custodial imprisonment term and a period of supervised release, and the imposition of supervised release did not violate Petitioner's right to be

free from double jeopardy.  *Pryer*, 679 F. Supp. 2d at 538.  Thus, Petitioner's receipt of a term of supervised release was entirely appropriate and Petitioner's challenge to that portion of his sentence is without merit even were he able to show cause and actual prejudice sufficient to evade the procedural default bar.[2]

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c) the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  For the reasons expressed above, Petitioner's § 2255 motion is without merit, and Petitioner has thus failed to make a substantial showing of the denial of a constitutional right.  A certificate of appealability is therefore denied.

---

[2] Likewise, to the extent Petitioner wished to also raise this claim as a claim that counsel was ineffective for failing to challenge this portion of his sentence on Double Jeopardy grounds, any such claim of counsel's ineffectiveness would fail as the objection Petitioner wishes had been raised is utterly without merit.  *Wets*, 228 F.3d at 203; *Aldea*, 450 F. App'x at 152.

**IV. CONCLUSION**

For the reasons set forth above, Petitioner's amended motion to vacate his sentence (ECF No. 1, 3) is DENIED, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Dated: June 4, 2018                    _s/ Susan D. Wigenton_
                                       Hon. Susan D. Wigenton,
                                       United States District Judge